Filed January 21, 1896.

---

No. 17,344.

## GOLDTHAIT *v.* THE CINCINNATI, WABASH AND MICHIGAN RAILWAY COMPANY.

APPELLATE PROCEDURE.—*Assignment of Errors.—Bill of Exceptions.*—The denial of a motion below to have the record changed so as to show that a bill of exceptions was presented and filed within the time allowed therefor will not be considered by the appellate court, in the absence of an assignment of error.

Goldthait *v.* The Cincinnati, Wabash and Michigan R. W. Co.

SAME.—*Bill of Exceptions.—Presenting to Judge.—Affidavits.*—The Supreme Court will not consider affidavits for the purpose of ascertaining therefrom why a bill of exceptions was not presented to the trial judge within the time granted by the court below.

From the Blackford Circuit Court.

*J. A. Kersey,* for appellant.

*C. E. Cowgill,* for appellee.

JORDAN, J.—Appellant sued the appellee to recover five thousand dollars as damages for the failure to discharge a certain obligation relative to the building and maintaining a depot in Marion, in Blackford county, Indiana. A trial resulted in her obtaining a judgment for one hundred and fifty dollars, from which she has appealed to this court, and assigned for error the overruling of her motion for a new trial. Counsel for appellant contend that the judgment is contrary to the evidence in this: that the amount of the recovery is too small, and that the court erred in giving to the jury certain instructions.

The final judgment was rendered on July 19, 1893, and on that day the court granted to appellant ninety days in which to prepare and file a bill of exceptions. It appears that this bill was not presented to the judge of the lower court, for his approval and signature, until October 19, 1893, and was filed the following day. Appellant's counsel concede that this was not within the time allowed by the court, but earnestly insist that we should disregard the provisions of the statute, and the firmly settled rule of this court, and, nevertheless, consider the bill in the record, for the reason, as urged, that the neglect to present and file it within the time allowed, is attributable to counsel for the appellee, who, it is claimed, had possession of the bill, and held it in

violation of his promise to return it to counsel for appellant, in time to be filed. This matter was subsequently to the filing of the bill, upon motion, supported by affidavits, presented to the lower court, in order to have the record changed, so as to show that the bill was presented and filed on October 17, 1893; this motion was denied, and the record of the proceedings therein have been certified to this court by a supplemental transcript. There is no assignment of error upon the ruling of the court on this latter motion, and hence no question thereon is presented for our consideration.

It is not within our province, upon affidavits filed in a cause, to inquire into the reason, and ascertain therefrom, why a bill of exceptions was not presented to the trial judge within the time granted by the court. *Wishmier* v. *State, ex rel.*, 110 Ind. 523; *Rigler* v. *Rigler*, 120 Ind. 431. As the appellant has failed to bring the instructions and evidence into the record, under the bill in question, it follows that we cannot consider the propositions and questions urged by her counsel.

Judgment affirmed.

Filed January 21, 1896.