## HUNDLEY *v.* THE STATE OF INDIANA.

[No. 21,476.   Filed March 18, 1910.]

1.  APPEAL.—*Bills of Exceptions.*—*Date of Signing.*—*Order-Book Entry.*—Where an order-book entry shows the presentation for signature and the signing of a bill of exceptions containing the evidence on a certain date, and the bill recites that it was signed by the judge on such day, the evidence is in the record. p. 685.

2.  ASSAULT AND BATTERY.—*Intent to Kill.*—*Instructions.*—*Character.*—*Consideration of.*—An instruction, in a prosecution for assault and battery with intent to commit murder, that if defendant did not act in self-defense, the character of the defendant would make no difference, except as to his credibility as a witness, is erroneous, since character should be considered not only in determining defendant's guilt of the crime charged, but also in assessing the punishment. p. 686.

3.  ASSAULT AND BATTERY.—*Intent to Kill.*—*Instructions.*—*Character.*—An instruction, in a prosecution for assault and battery with intent to commit murder, that if the defendant is guilty as charged, the fact that he previously had a good reputation for peace and quietude could not avail him, and that he should be convicted without regard thereto, is erroneous. p. 686.

4. ASSAULT AND BATTERY.—*Intent to Murder.*—*Evidence.*—Where the evidence shows that the defendant was a small, crippled man. that he was invited by the officers to assist in searching the premises of the prosecuting witness for liquor kept unlawfully, that such witness violently assaulted him, that such witness was a large, powerful and dangerous man, that defendant, after being · knocked down, and while lying on the floor, shot the prosecuting witness, it is difficult to see how defendant could be guilty of any offense unless that of felonious assault, and the character of the parties constitutes an essential part of the case. p. 688.

From Madison Circuit Court; *Charles R. Bagot,* Judge.

Prosecution by The State of Indiana against Frank Hundley. From a judgment of conviction, defendant appeals. *Reversed.*

*Kittinger & Diven,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MYERS, J.—Appellant was tried upon affidavit charging him with assault and battery by shooting one Ice, with intent to kill and murder. He was convicted of assault and battery, and fined $500, and from a judgment on the verdict he appeals, and assigns and presents alleged errors occurring on the trial.

The State urges that the evidence is not in the record, because no date of the signature of the bill of exceptions is shown, save by an order-book entry, which shows the signing of the bill before filing; the insistence being that the date of signing cannot be shown by the order-book entry. The State is in error in this matter. The order-book entry shows the presentation of the bill to the judge for settlement and signature, and its settlement and signing by the judge on March 28, 1909, and filing as a part of the record on the same day. The bill in the record recites that it was signed by the judge on that day.

On the trial of the cause much testimony was given as to the reputation of appellant for peace and quietude. The

twenty-fourth instruction to the jury was as follows:

2.  "If you find from the evidence in this case, beyond a reasonable doubt, that the defendant did not act in the reasonable defense of his person at the time of the alleged assault, and that he did not fear, and had no reasonable cause to fear, great bodily harm at the hands of the prosecuting witness, then I instruct you that no difference what the character of the prosecuting witness may be, or what the character of the defendant may be, neither of these should have any influence before you in such event, except in determining the weight you will give to the testimony of the defendant, and prosecuting witness, as witnesses in the case. And if you find beyond a reasonable doubt that the defendant is guilty as charged in the affidavit, then you should not be influenced or prejudiced in any way on account of the character of either of the parties, nor should you be in any way influenced, prejudiced or biased by any disparity in the weight or size of the parties, nor should you be moved in any way in the performance of your duty by an appeal to sympathy or passion on account of the physical condition of either party."

Instruction twenty-nine and three-fourths was as follows: "If you find from the evidence, beyond a reasonable doubt, that the defendant is guilty as charged in the affi-

3.  davit, then the fact that he previously had a good reputation for peace and quietude cannot avail him, and if, after considering all the evidence and circumstances in the case, including the evidence of good character, you are convinced beyond a reasonable doubt of his guilt, then you should convict him without regard to what his previous character may have been."   It will be seen that the jury were told that if they found the defendant guilty, that neither his character nor that of the prosecuting witness could have any influence, in such event, except in determining the weight they should give to the testimony of the defendant and prose-

cuting witness as witnesses in the case. If the jury had determined against the defendant, beyond a reasonable doubt, the elements relied upon as a defense, there was no further need of determining the weight of his testimony, because that question was foreclosed, as was the question of his character for peace and quietude, so far as it involved the question of guilt or innocence, but those were not the only questions as to which the character of the defendant for peace and quietude was entitled to be considered by the jury. It is a well-recognized element to be considered in fixing the punishment, or assessing a fine, and the instruction eliminates those considerations entirely.

By instruction twenty-nine and three-fourths the jury were expressly told that if the defendant was guilty beyond a reasonable doubt, his previous good character for peace and quietude could not avail him. The error is not cured by the latter part of the instruction, because the jury were told, in effect, that if he was guilty, his previous good character was immaterial for any purpose. Instructions twenty-four and twenty-nine and three-fourths are clearly erroneous. "Good character may always benefit a guilty defendant, for the jury may take it into consideration in fixing his punishment, and may, by reason of his character, mitigate the punishment." *Walker* v. *State* (1894), 136 Ind. 663.

A very similar instruction was condemned in the case of *Kistler* v. *State* (1876), 54 Ind. 400, where the defendant requested the instruction that "evidence of good character is admissible in criminal cases, and when proved is to be taken into consideration in determining the guilt or innocence of the accused." The court below modified the instruction by adding: "But when the guilt is positively proved, then good character will not benefit the defendant." In that case it was also held that a defendant had a right to show that he had been imprisoned in the county jail and the state prison eighteen months for the same offense for which

he was on trial, on the ground that—as the law then was—as juries were required to "state the amount of fine, and the punishment to be inflicted," such fact should be shown in mitigation. If this be so—as it clearly is—then good character should be of some avail in the matter of assessing the fine. See, also, *Cavender* v. *State* (1890), 126 Ind. 47.

There is evidence that before firing upon the prosecuting witness, the defendant, who weighed 115 pounds, and was a cripple, had been knocked down by the fist of the prosecuting witness—a powerful, sound man, weighing 250 pounds—and that this blow was followed by the advance of the prosecuting witness upon the defendant when he was down upon the floor where he had fallen from the blow, and that the shots were fired when the defendant was on the floor; that the prosecuting witness to the knowledge of the defendant, had engaged in frequent brawls, and beaten several persons; that he was abusive in language and violent in manner at the time; that the prosecuting witness and the defendant had been acquaintances for fifteen years, and had never had any difficulty, and there was apparently no enmity, nor reason for it, between them, except that the defendant was present in the prosecuting witness's place of business upon invitation of officers armed with a search warrant to search the premises of the prosecuting witness for the presence of intoxicating liquors, and the defendant had been active as an anti-saloon man. His presence seems greatly to have angered the prosecuting witness, and there was evidence that he assaulted the defendant violently, before the shooting, and that after the shooting the defendant's clothes were ruffled up, his left forefinger was cut and bleeding, there was a bruise on his face, and his ear was bruised and his hat was gone, and there is no pretense that he was assaulted by any other person than the prosecuting witness. Under the evidence, the importance of appellant's good character and reputation for peace and quietude is apparent, as affecting not only the question of guilt or innocence, but

also the question of the fine, and it is difficult to perceive if the defendant was guilty of any offense, how it could have been other than a felonious assault, for the same evidence which would relieve him from responsibility for the greater offense charged, would be a complete justification of the lesser. The fine imposed, as its amount indicates, may have been without regard to the good character of the defendant for peace and quietude. The instructions took those elements out of consideration. We are not willing to say that a man's good character shall avail him nothing when his day of trial comes. On the contrary, it ought to and does.

Many other alleged errors are presented, but they are not such as are likely to occur on another trial, and it is unnecessary to extend this opinion to cover them.

For the error in giving instructions twenty-four and twenty-nine and three-fourths, the judgment is reversed, with instructions to the court below to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.