## CORN *v.* STATE OF INDIANA.

[No. 22,036.   Filed February 15, 1912.]

CRIMINAL LAW.—*Trial.—Instruction.—Obscure Definition of Reasonable Doubt.—Failure to Request Broader Instruction.*—A judgment of conviction will not be reversed merely because the court's instruction on reasonable doubt was incomplete and obscure, where defendant failed to request a more complete, exact and broader instruction on the subject.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Prosecution by the State of Indiana against Joseph Corn. From a judgment of conviction, the defendant appeals. *Affirmed.*

*T. B. Cunningham,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr,* and *James E. McCullough,* for the State.

Cox, J.—The appellant was indicted for the crime of rape, alleged to have been committed upon the person of a girl thirteen years of age, was tried by a jury and found guilty. Being forty years of age, he was given an indeterminate sentence of from two to twenty-one years in the State Prison.   From that sentence he appeals, and assigns for error the action of the trial court in overruling his motion for a new trial.

The only proposition or point stated in appellant's brief relates to instruction four, given by the court, which involves a definition of reasonable doubt, and which was merely incomplete and obscure.   If appellant was not satisfied with the instruction as given, and desired a more complete, exact and broader instruction on the subject, he should have tendered one and requested the court to give it; and if the court refused to do so, and it appeared that appellant was harmed thereby, he would then have ground for a reversal. *Sullivan* v. *State* (1876), 52 Ind. 309; *Colee* v. *State* (1881),

75 Ind. 511; *Heyl* v. *State* (1887), 109 Ind. 589, 10 N. E. 916; *Harris* v. *State* (1900), 155 Ind. 265, 58 N. E. 75.

Furthermore, an examination of the evidence convinces that appellant was in no event harmed by the instruction in question. The crime was a most revolting and shocking one, and there was direct and positive evidence that appellant committed it. There was no testimony given in his behalf which had more than the slightest tendency to show the contrary, except his own denial, and his own testimony disclosed an immoral, shameless and degraded character.

The judgment is affirmed.

NOTE.—Reported in 97 N. E. 421. See, also, 12 Cyc. 660 and 97 Am. Dec. 118.