## TAYLOR ET AL. *v.* SCHRADSKY ET AL.

[No. 21,856. Filed March 7, 1912. Rehearing denied June 28, 1912.]

1. APPEAL.—*Assignment of Errors.—Waiver.—Briefs*—Errors assigned in overruling motions for a *venire de novo*, and for judgment on the verdict, are waived by appellants' failure to set out the motions or their substance in the brief as required by Rule 22 of the Supreme Court. p. 218.

2. APPEAL.—*Record.—Matters Not in Record.—Bill of Exceptions. —Failure to File in Time.*—Where a bill of exceptions is not presented to the judge of the trial court within the time fixed, it is not properly in the record and its contents cannot be considered on appeal. p. 218.

3. APPEAL.—*Record.—Matters Not in Record.—Bill of Exceptions. —Consideration of Questions on Admission or Exclusion of Evidence.—Motion for New Trial.*—Statements in a motion for a new trial, of alleged errors occurring at the trial, cannot be accepted as true on appeal unless verified by the record, so that where a bill of exceptions containing the evidence is not in the record no question in relation to the admission or exclusion of evidence is

presented for review, although the matters complained of are set out in the motion for a new trial. p. 219.

4. APPEAL.—*Objection to Instructions.—Exceptions in Gross.—Effect.*—Where the motion for a new trial specifies error jointly, or in gross, in the giving of a series of instructions, all of the instructions in the series must be erroneous, or the error assigned thereon is unavailing. p. 219.

From Probate Court of Marion County; *Frank B. Ross,* Judge.

Action by Hannah Taylor and others against Hyman Schradsky and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Russell B. Harrison, Taylor & Fatt, Walker & Hollett* and *Vincent G. Clifford,* for appellants.

*Mitchell S. Meyberg* and *Henry N. Spaan,* for appellees.

MORRIS, C. J.—Appellants brought an action against appellees in the Marion Probate Court to contest the will of Bennett Barnett. Trial by jury; verdict and judgment for appellees.

The errors assigned by appellants are the overruling of the motions, for a new trial, for a *venire de novo,* for judgment for plaintiffs on the verdict, and to modify the judgment. Appellants have waived their right to a consideration of the action of the trial court in overruling all the above motions except the one for a new trial, by failing to comply with Rule 22 of this court.

No attempt has been made in appellants' brief to set out the above motions, or the substance thereof, except the motion for a new trial, and consequently it, alone, will be considered. Among the reasons assigned for a new trial was the alleged erroneous exclusion of certain offered testimony of Doctor Woodard; also the alleged erroneous admission in evidence of certain testimony of Mayer Messing.

At the threshold of the consideration of the above alleged errors we are confronted with the proposition of appellees that the evidence is not properly in the record. On April 22, 1910, appellants' motion for a new

trial was overruled, and ninety days were given in which to file a bill of exceptions. On July 22, 1910, appellants, in vacation, tendered to the judge of the probate court their bill of exceptions, containing the offered testimony of Doctor Woodard and the court's action with reference thereto, and the testimony of Mayer Messing and the court's action on appellants' objections to the admission thereof. This bill of exceptions was, on the day it was tendered, signed, sealed and filed. As the bill of exceptions was not presented to the judge of the trial court within the time fixed, it is not properly in the record, and its contents cannot be considered. *Goldthait* v. *Cincinnati, etc., R. Co.* (1896), 143 Ind. 356, 42 N. E. 687.

Counsel for appellants, in oral argument, admitted that the bill of exceptions was presented too late, but insist that because the offered testimony of Doctor Woodard, 3. and the evidence given by Mayer Messing, are set out in the motion for a new trial, the court should consider the same.

Statements in a motion for a new trial, of alleged errors occurring at the trial, cannot be accepted as true by this court, unless verified by the record. As the bill of exceptions containing the matters complained of is not in the record, no question in relation to the admission or exclusion of evidence is here presented for review. *Siebert* v. *State* (1884), 95 Ind. 471, 477; *Heckelman* v. *Rupp* (1882), 85 Ind. 286; *Graeter* v. *Williams* (1877), 55 Ind. 461; *Hyatt* v. *Clements* (1878), 65 Ind. 12.

The fifth reason assigned for a new trial was "that the court erred in giving to the jury instructions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 4. 21 and 22 on its own motion." To the above is added the following recital: "To which instructions each severally and separately, the plaintiffs excepted, as shown by indorsement on said written instructions filed herein."

In their brief, appellants' counsel contend that the court erred in giving instructions 4, 6, 9, 11, 13, 14, 16 and 22. They do not contend that any error was committed in giving the other instructions, and really rest their contention on the alleged error in giving instruction four.

Appellees, however, assert that no question on the instructions is presented for review, because, in the motion for a new trial, the alleged error of the trial court is predicated on all the instructions given, twenty-two in number, and consequently there was no available error, unless all the instructions given were erroneous. We think this contention must prevail. It has been often decided by this court that where the motion for a new trial specifies error, jointly or in gross, in the giving of a series of instructions, all of the instructions so joined in the series must be erroneous, or the error assigned thereon is unavailable. *Sutherlin* v. *State* (1886), 108 Ind. 389, 9 N. E. 298; *Ohio, etc., R. Co.* v. *Mc Cartney* (1890), 121 Ind. 385, 23 N. E. 258; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462, 34 N. E. 227; *Robinson* v. *Hadley* (1860), 14 Ind. 417; *Elliot* v. *Woodward* (1862), 18 Ind. 183; *Hoover* v. *Weesner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905, and cases cited; *Jones* v. *State* (1903), 160 Ind. 537, 67 N. E. 264. In the latter case this court said: ''The rule that objections to decisions of the court should be specific and several, instead of general and in gross, where the errors relied on relate to several distinct subjects, has been applied so frequently and in such a variety of cases that it would seem that it could not be misunderstood or overlooked.''

As no complaint whatever is made against the instructions, except as above noted, we are constrained to hold that no question on instructions given is here presented for review. There is no error in the record. Judgment affirmed.

NOTE.—Reported in 97 N. E. 790. See, also, under (1) 2 Cyc. 1014; (2) 3 Cyc. 37, 46; (3) 2 Cyc. 1083; (4) 29 Cyc. 949.