## DORSEY *v.* STATE OF INDIANA.

[No. 22,240. Filed January 10, 1913. Rehearing denied May 16, 1913.]

1. CRIMINAL LAW.—*Appeal.*—*Presentation in Trial Court.*—*Evidence.*—*Ruling on Offer to Exhibit.*—*Briefs.*—Alleged error of the trial court in refusing to permit a certain exhibit to be made to the jury is not presented for review, where neither the offer to make the exhibit, nor any ruling with reference thereto, is disclosed in appellant's brief. p. 533.

2. CRIMINAL LAW.—*Appeal.*—*Questions Reviewable.*—*Briefs.*—No reviewable question is presented as to the admission of evidence of specific acts bearing on defendant's character, and as to the refusal of evidence explanatory of such acts, where it is not shown by appellant's brief that the admitted evidence was objected to, or that an offer of evidence explanatory thereof was made. p. 533.

3. CRIMINAL LAW.—*Appeal.*—*Questions Reviewable.*—*Briefs.*—No question is presented on alleged error in permitting certain questions on cross-examination, where appellant's brief fails to set out the substance of the objectionable questions, the objections thereto, and the court's ruling thereon. p. 534.

4. APPEAL.—*Briefs.*—*Sufficiency.*—*Rules of Court.*—The rules of the Supreme Court contemplate the points on which appellant relies must be definitely and specifically stated in his brief, and that the brief be so prepared that each judge may intelligently consider each question presented by a consideration of the brief alone. p. 534.

5. CRIMINAL LAW. — *Appeal.* — *Review.* — *Improper Argument.* — *Waiver of Error.*—The impropriety of statements made in argument by the prosecuting attorney, and the failure of the court, on objection by defendant, to take any action thereon, even though prejudicial to the defendant, will not justify a reversal where no motion by defendant to discharge the jury or set aside the submission of the cause is disclosed by the record. p. 534.

6. CRIMINAL LAW.—*Appeal.*—*Record.*—*Questions Reviewable.*—Alleged impropriety of jurors in reading newspaper articles prejudicial to defendant cannot be reviewed on appeal, where the only evidence of the fact is an affidavit filed in support of the motion for a new trial, since only matters verified by the record can be considered. p. 535.

7. CRIMINAL LAW.—*Instructions.*—*Character Evidence.*—An instruction in a prosecution for murder, that evidence in regard to the character of the defendant for peace and quietude should be

considered by the jury in determining the guilt or innocence of the defendant, but if the jury should be satisfied of his guilt beyond a reasonable doubt then his previous good character would not avail him as a defense or entitle him to an acquittal, does not preclude the consideration of evidence of good character in determining the degree of homicide, nor is it objectionable, when considered with the other instructions, as failing to state that the jury should be satisfied of the defendant's guilt by the evidence given. p. 535.

8. CRIMINAL LAW.—*Instructions.—Incomplete Instructions.*—An instruction correctly informing the jury that good character would not entitle a guilty defendant to an acquittal and would not constitute a defense, is not objectionable for failure to state that good character should be considered in determining the degree of guilt, in the absence of a request for such further instruction. p. 536.

9. CRIMINAL LAW.—*Instructions.—Assuming Facts.*—In its instructions to the jury the court is warranted in assuming facts shown by undisputed evidence. p. 536.

10. CRIMINAL LAW.—*Appeal.—Objection to Instructions.—Presentation Below.*—Appellant in a criminal case cannot complain of alleged error in failing to instruct the jury on the subject of presumption of innocence, where the record discloses no objection or exception to the court's action in this respect previous to the filing of the motion for new trial, and appellant tendered no instruction on the subject. p. 536.

11. CRIMINAL LAW.—*Venue.—Change of Venue.—Grounds.*—The actual existence of such prejudice in a county against colored people that a negro, charged with murder, could not obtain a fair trial there, affords to such defendant the absolute right to demand a trial of the cause in some other county. p. 537.

12. CRIMINAL LAW.—*Appeal.—Evidence.—Verdict.*—A verdict of guilty, supported by the evidence, will not be set aside for insufficiency of evidence, even though such evidence is conflicting. p. 537.

13. CRIMINAL LAW.—*Judgment.—Penalty.—Disfranchisement.*—In rendering judgment on a verdict of guilty of murder, the court has no authority to adjudge that defendant be disfranchised, since the statute fixing the penalty for murder contains no provision for such punishment, and §6877 Burns 1908, §4681 R. S. 1881, concerning elections and providing that every person undergoing a sentence of imprisonment shall be disfranchised during the period of such imprisonment, merely has the effect of prohibiting all persons from voting who, at the time, are in prison as a result of conviction for a crime or misdemeanor. p. 537.

14. CRIMINAL LAW.—*Appeal.*—*Disposition.*—*Affirmance in Part.*—
Though the trial court erred in adjudging disfranchisement and
ineligibility to hold office, as a part of the punishment in render-
ing judgment on a verdict of guilty of murder in the second
degree, but in other respects the judgment is correct, it will be
reversed as to so much as adjudges disfranchisement and ineligi-
bility to hold office, and affirmed as to the remainder. p. 538.

From Lake Superior Court; *Lawrence Becker,* Judge.

Prosecution by the State of Indiana against Henry
Dorsey. From a judgment of conviction, the defendant ap-
peals. *Affirmed* in part and *reversed* in part.

*Milo M. Bruce,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Brana-
man, Edwin Corr* and *James E. McCullough,* for the State.

MORRIS, J.—Appellant was charged by indictment with
murder in the first degree. Trial by jury, and conviction
of murder in the second degree. A motion for a new trial
was overruled, and that action is assigned as error.

1. It is claimed the court erred in refusing to permit
one Lula McDowell, defendant's paramour, to exhibit
to the jury a scar on her shoulder, resulting from a wound
inflicted by deceased on her, years before the homicide.
Appellant's brief discloses neither appellant's offer to make
the exhibit to the jury, nor any ruling of the court with
reference thereto, and consequently no question is pre-
sented for review.

It is insisted that the State was permitted, on cross-ex-
amination of defendant, to attack his character by proof
of specific acts, and defendant was not permitted to
2. show facts in explanation thereof. If any objection
was made by defendant to the admitted proof of
specific facts, or if any offer to prove facts in explanation,
was made, neither such objection, nor offer, is set out in
appellant's brief, and no reviewable question is presented.

It is claimed the trial court erred in permitting the State,
on cross-examination of defendant, to cross-examine him in

relation to his testimony given before the grand jury.

3. The brief fails to set out the substance of the objectionable questions, or appellant's objections thereto, or the court's ruling thereon. There is appended to appellant's statement of points and authorities, references to pages and lines of the record, where counsel for appellant evidently presumes the basis of his contention may be found. This is not sufficient. The rules of this court

4. contemplate that appellant's brief shall be so prepared that each judge, by a consideration of the brief alone, and without examining the transcript, may intelligently consider each question presented. The rules further contemplate that the points on which appellant relies, must be definitely and specifically stated. *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788, and cases cited. The point in question is not so presented in appellant's brief as to require consideration. It is claimed that it was reversible error to permit the accused, where he was a witness in his behalf, to be questioned, on cross-examination, concerning other crimes he had committed. The brief fails to set out the substance of any question asked appellant, or any ruling of the court, relative to the point raised, and consequently no question is presented here.

Appellant contends that the court erred in permitting the prosecuting attorney, in his argument, to make prejudicial statements. It is shown by the record that in his

5. argument to the jury the prosecuting attorney made certain statements, to which defendant objected, and moved the court to withdraw the same from the consideration of the jury, but the court declined to take any action thereon, except to remark as follows: "The defendant's attorney went outside the record in his argument". The defendant excepted. Appellant made no motion to discharge the jury or set aside the submission of the cause. Conceding that the statements of the prosecuting attorney were prejudicial to appellant, and that the court erred in declin-

ing to interfere, we are of the opinion that such error will not justify a reversal of the judgment, where, as here, no motion was made to discharge the jury.

It is claimed that the jurors read certain newspaper articles, which were prejudicial to appellant. An affidavit, in support of the motion for a new trial, is the only 6. evidence of the fact. Only matters verified by the record can be considered by this court. *Taylor* v. *Schradsky* (1912), 178 Ind. 217, 97 N. E. 790; Gillett, Crim. Law §903.

It is contended that certain instructions to the jury on the law of self-defense were erroneous. A consideration of all the instructions given, relating to that subject, convinces us that the instructions were fair, and appellant was not prejudiced thereby. Instruction No. 25, given by 7. the court, was as follows: "The court instructs the jury that evidence has been introduced in regard to the character of the defendant for peace and quietude; this evidence should be considered by the jury in determining the guilt or innocence of the defendant, but if the jury should be satisfied beyond a reasonable doubt of the guilt of the defendant, then in that view of the case, although you might believe that the defendant had a good character before the alleged offense, if it did occur, that would not avail him as a defense, or entitle him to an acquittal." The instruction is criticized because it fails to state to the jury that it should be "satisfied" of the defendant's guilt, by the evidence given. A consideration of other instructions given, convinces us that the jury must have understood from them, that it was not warranted in considering matters not disclosed by the evidence. *Blocher* v. *State* (1912), 177 Ind. 356, 98 N. E. 118. Complaint is also made of the instruction because, it is contended, the jury was not permitted thereby to consider evidence of good character in determining the degree of homicide. Conceding that a jury, in the determination of the degree of homicide, of which

a defendant charged with murder in the first degree, is guilty, may consider evidence of good character, in connection with the other evidence, this instruction did not preclude such consideration. It correctly informed the jury that good character would not entitle a guilty defendant to an acquittal, and would not constitute a defense. *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009. If the appellant desired that the jury be further instructed that evidence of good character be considered by it in determining the degree of guilt, he should have requested such direction to the jury. The instruction was not erroneous.

Instruction No. 26, given by the court, is criticized. Without setting out its substance, it is sufficient to say that it correctly states the law as applied to the facts of the cause.

Instruction No. 28, given by the court, related to the flight of the accused, a few moments after the offense was committed. In the instruction, the court assumed that the accused fled. It is claimed that such assumption was erroneous. The court was warranted is assuming the existence of a fact shown by undisputed evidence. Here, under the evidence, no inference, other than flight, could be drawn. The court did not err in giving the instruction.

It is claimed that the court erred in failing to instruct the jury on the subject of the presumption of appellant's innocence. The record discloses no objection or exception to the court's action in this respect, previous to the filing of the motion for a new trial. Appellant tendered the court no instruction on the subject. Under such circumstance he has no just cause for complaint. *Corn* v. *State* (1912), 177 Ind. 158, 97 N. E. 421; *Murray* v. *State* (1866), 26 Ind. 141.

The appellant is a negro. One of the fifty-two reasons assigned for a new trial, set forth in his motion, is the

alleged fact that at the time of the trial there existed in Lake County such prejudice against colored people, that a negro, charged with the crime of murder, could not obtain a fair trial there. This assertion is supported by the affidavit of appellant's attorney, made a part of the motion for a new trial. It is not verified by the record. This affidavit, for reasons hereinbefore stated, cannot be considered.

11. If there actually existed such prejudice in Lake County, as claimed, appellant had the absolute right to demand a trial of the cause in some other county.

It is claimed the evidence fails to support the verdict. While there was much conflict in the testimony of the witnesses, the verdict was sufficiently supported.

It is claimed that instruction No. 9, given by the court, was erroneous. We think it was not prejudicial to appellant. In its verdict, the jury, pursuant to the provisions of §2238 Burns 1908, Acts 1905 p. 584, §350 found appellant guilty of murder in the second degree and fixed his punishment at imprisonment in the state prison during life. In rendering judgment on the verdict, the trial court adjudged that appellant be imprisoned in the state prison for life, and further that he be disfranchised and rendered incapable of holding any office of trust for a period of ten years. Appellant filed a motion to modify the judgment by eliminating therefrom the order of disfranchisement and incapacity to hold office. The overruling of this motion is assigned as error. The Attorney-General in his brief, concedes that such action was erroneous, but insists that this court has power to affirm the judgment as to the conviction and imprisonment, and direct the trial court to strike out the illegal portion without awarding another trial. §2222 Burns 1908, Acts 1905 p. 584, §335; *Kennedy* v. *State* (1878), 62 Ind. 136. Section 8, Art. 2 of our Constitution authorizes the General Assembly to

disfranchise and render incapable of holding any office, persons convicted of infamous crimes, and pursuant to such authority, it has, in fixing the punishment for various offenses, provided, among other things, that the defendant shall be disfranchised and rendered incapable of holding any office of trust or profit for a determinate period. No such provision is found in the statute fixing the punishment for murder, and consequently the court was without power to adjudge disfranchisement, or ineligibility.

We are informed by appellant's brief that the trial court was of the opinion that such power is conferred by §6877 Burns 1908, §4681 R. S. 1881. This was §4 of the act of 1881, concerning elections, and reads as follows: "Every person undergoing a sentence of imprisonment, on conviction for any felony or misdemeanor shall be disfranchised during the period of such imprisonment." We are of the opinion that this statute confers no power on the trial court, to adjudge disfranchisement, on the conviction of a person under a statute which fails to fix disfranchisement as a part of the punishment. The effect of the above statute is to prohibit from voting at elections all persons who, at the time, are in prison as a result of conviction for a crime or misdemeanor, regardless of the punishment therefor, adjudged by the court.

The trial court erred in overruling appellant's motion to modify the judgment, but in other respects the judgment should be affirmed for lack of reversible error. *Kennedy* v. *State, supra.* So much of the judgment as adjudges disfranchisement, and ineligibility to hold office, is reversed, and the trial court is ordered to strike out the same, but as to all other matters, the judgment is affirmed.

NOTE.—Reported in 100 N. E. 369. See, also, under (1) 12 Cyc. 877; (4) 2 Cyc. 1014; 12 Cyc. 877; (5) 12 Cyc. 585; (6) 12 Cyc. 874; (7) 12 Cyc. 620; (8) 12 Cyc. 661; (9) 12 Cyc. 601; (10) 12 Cyc. 667, 815; (11) 12 Cyc. 244; (12) 12 Cyc. 906; (13) 12 Cyc. 958;

(14) 12 Cyc. 937. As to misconduct in argument warranting reversal, see 9 Am. St. 559. As to evidence of good character to strengthen the presumption of innocence, see 103 Am. St. 892. As to change of venue in cases where otherwise impartial trial impossible, see note to *Shattuck* v. *Myers* (Ind.), 74 Am. Dec. 244.