## SCHERER v. STATE OF INDIANA.

[No. 23,362.   Filed January 3, 1919.]

1. INDICTMENT AND INFORMATION.—*Sufficiency.—Keeping Place for Unlawful Sale of Intoxicating Liquor.—Surplusage.*—In a prosecution under §8351 Burns 1914, Acts 1907 p. 689, a motion to quash the affidavit because it contained a recital that the building was not licensed, and therefore did not specifically show that the defendant was not licensed, was properly overruled, where, by eliminating such recital, an offense was charged substantially in the language of the statute, since there could be no doubt as to the crime charged, the recital being meaningless surplusage in view of the fact that no law provides for licensing a building for the sale of intoxicating liquors. p. 16.

2. INTOXICATING LIQUORS. — *Indictment.—Sufficiency.—Negativing Defenses.*—In charging the offense of keeping, running and operating a place for the sale of intoxicating liquors in violation of §8351 Burns 1914, Acts 1907 p. 689, it is not necessary to negative the provisos in the statute.   p. 16.

3. INDICTMENT AND INFORMATION.—*Sufficiency.—Pleading Facts. —Intoxicating Liquors.*—An affidavit, under §8351 Burns 1914, Acts 1907 p. 689, which contains in plain and concise language, without unnecessary repetition, a statement of the ultimate facts that the state must prove, is sufficient, as the state is not required to plead the evidence supporting such facts.   p. 17.

4. INDICTMENT AND INFORMATION. — *Sufficiency. — Pleading. — Conclusions.—Intoxicating Liquors.*—Under §8351 Burns 1914, Acts 1907 p. 689, an affidavit charging an offense substantially in the language of the statute is sufficient as against a motion to make the affidavit more specific, notwithstanding the provisions of Acts 1915, ch. 62, p. 123.   p. 17.

5. CRIMINAL LAW.—*Instructions.—Reasonable Doubt.—Harmless Error.*—An instruction on reasonable doubt, which required the jury to consider the evidence as a whole, and stated that "acts when considered apart from all other evidence may appear

innocent, but when considered with other evidence may import guilt," objected to as an invasion of the province of the jury, is subject to criticism, in that the same consideration may import innocence as well as guilt, but the instruction, considered as a whole, is *held* harmless.   p. 18.

6.   CRIMINAL LAW.—*Instruction.—Province of Jury.—Invasion.*— Article 1, §19, of the Constitution, giving the jury the right to determine the law and the facts in criminal cases, does not deprive the trial court of the right to advise the jury as to the law applicable.   p. 18.

7.   CRIMINAL LAW. — *Proof. — Material and Incidental Facts.— Reasonable Doubt.*—Ultimate or material facts are those essential in charging an offense and must be proved beyond a reasonable doubt; while incidental or subordinate facts need not be so proved.   p. 18.

8.   CRIMINAL LAW.—*Trial.—Instruction.— Sufficiency. — Reasonable Doubt.*—Instructions on reasonable doubt, though not containing all the definitions on the subject, were sufficient, where, considered together, they told the jury that, if it could reconcile evidence upon any reasonable hypothesis consistent with the defendant's innocence, it was its duty to do so.   p. 19.

9.   CRIMINAL LAW. — *Evidence.—Reputation.—Instructions.*—An instruction relative to the purpose of evidence of the defendant's reputation for morality which precluded a consideration of such evidence for any purpose other than in connection with the rest of the evidence, in determining the defendant's guilt or innocence, was erroneous, in view of the evidence and punishment assessed.   p. 19.

10.   CRIMINAL LAW.—*Trial.—Evidence.—Instructions.—Province of Jury.*—An instruction that, by constitutional provision, the jury was the judge of the law and facts, and that undertook to explain the jury's duty within the meaning of the constitutional provision and to admonish as to the law's safeguards to society, is *held* not objectionable as an invasion of the province of the jury.   p. 21.

From Hamilton Circuit Court; *James M. Purvis,* Judge.

Prosecution by the State of Indiana against C. B. Scherer.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Floyd G. Christian, Ira W. Christian,* and *Ralph H Waltz,* for appellant.

*Ele Stansbury*, Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury*, for the state.

MYERS, J.—Appellant was charged by affidavit, tried and convicted by a jury in the court below, with keeping, running and operating a place where intoxicating liquors were sold, in violation of §8351 Burns 1914, Acts 1907 p. 689.

Appellant has appealed to this court and insists: (1) That the trial court erred in overruling his motion to quash the affidavit. In support of this claim, he makes the point that the affidavit does not specifically show that he was not licensed to sell liquor as provided by law. As a basis for this insistence our attention is called to the recital "not then and there having a license to sell intoxicating liquor," which he claims refers to the building as not being licensed, and not to him. In this appellant's contention is correct. That the affidavit so charges is plainly obvious. It is also true that there was no law in this state authorizing the issuance of a license to a building or to a place for the sale of intoxicating liquor. Appellant has not claimed, nor do we believe he will claim, that by reason of the ineffectual and inconsequential recital in question he was deceived or was in doubt as to the charge made against him. Had the pleader alleged that appellant did not then and there have a license to sell intoxicating liquors, he would have negatived the provisos in the statute. *Schondel* v. *State* (1910), 174 Ind. 734, 93 N. E. 67. But, considering the affidavit as we find it, the provisos were not negatived, nor was it necessary to do so in charging the offense of keeping, running and operating a place where intoxicating liquors are sold, bartered and given away in violation of law. *Rigrish* v. *State* (1912), 178 Ind. 470, 99 N. E. 786. By eliminating the meaning-

less and surplus words from the affidavit, it then charges appellant with the offense aforesaid practically in the language of the statute, and is sufficient under the rulings of this court to withstand a motion to quash. *Donovan* v. *State* (1907), 170 Ind. 123, 83 N. E. 744; *Regadanz* v. *State* (1908), 171 Ind. 387, 86 N. E. 449; *Rigrish* v. *State, supra.*

Appellant also assigns as error:   (2) The overruling of his motion to make the affidavit more specific.  Under this specification he argues that he was entitled to the facts upon which the pleader based his conclusion that appellant "did then and there unlawfully keep, run and operate a place where intoxicating liquors were then and there sold, bartered and given away in violation of the laws of the State of Indiana."

"A statement of the facts constituting the offense in plain and concise language without unnecessary repetition" is the rule in criminal pleading.  §2040 Burns 1914, Acts 1905 p. 584, §169; *Brunaugh* v. *State* (1909), 173 Ind. 483, 90 N. E. 1019.  The affidavit before us, as to the particulars questioned, is the statement of ultimate facts which the state, in order to convict, must prove.  The effect of appellant's insistence would require the pleader to state the evidence upon which he relies to sustain these facts.  This is not the law.  *Brunaugh* v. *State, supra.*  The rule for which appellant contends would also contravene the well-settled rule that an offense, as here, may be charged in the language of the statute. From these observations we conclude that this is not a case where the remedy given by statute (Acts 1915 p. 123) applies.

Appellant has assigned error on the overruling of his motion for a new trial.  Under this assignment he ques-

tions (1) instructions Nos. 2, 6, 8 and 9 given by the court to the jury on its own motion.

As to instruction No. 2, he insists that it invades the province of the jury and imposes restrictions and limitations upon the jury in weighing the evidence and in determining the probative forces of facts and circumstances. This instruction reads as follows: "While it is necessary that every essential element of the crime charged against the defendant should be proved by the evidence beyond a reasonable doubt, this does not mean that all the incidental or subsidiary facts should be proved beyond a reasonable doubt. Evidence is not to be considered in fragmentary parts, and as each fact or circumstance stood apart from the others, but the entire evidence is to be considered. Acts when considered apart from all other evidence may appear innocent, but when considered with other evidence may import guilt."

This instruction is subject to criticism, in that the same consideration referred to in the last part of this instruction may import innocence as well as guilt; however, considering the instructions as a whole, we are persuaded that this instruction, for this reason, was not harmful to appellant.

It is true the Constitution of this state, Art. 1, §19, gives the jury in criminal cases the right to determine the law and the facts, but this constitutional provision does not take away from the trial court the right to advise the jury as to the law applicable to such cases. The ultimate or material facts are those essential in charging the offense, and must be proved at the trial; while the incidental or subordinate facts mentioned in the instruction are those that are evidential. As to these two classes this court has uniformly held that the first must be proved beyond a reasonable doubt before there can

be a conviction, and that it is unnecessary to so prove the latter. *Osburn* v. *State* (1904), 164 Ind. 262, 271, 73 N. E. 601; *State* v. *Fisk* (1907), 170 Ind. 166, 169, 83 N. E. 995; *Fritz* v. *State* (1912), 178 Ind. 463, 466, 99 N. E. 727. This instruction is not subject to the objections urged against it.

Appellant was not harmed by instruction No. 6. While it does not include all the definitions found in the books on the subject of reasonable doubt, yet the jury was plainly told that if it could reconcile the evidence upon any reasonable hypothesis consistent with the defendant's innocence, it should do so, and not convict unless, upon a full consideration of all the evidence, they were satisfied of the defendant's guilt with that certainty that it would be willing to act "in the more weighty and important matters relating to your own affairs." Instruction No. 7 was also on the subject of reasonable doubt, and the two instructions when considered together, as they must be, fully informed the jury as to the certainty of guilt which must be attained in order to find appellant guilty as defined by the phrase "beyond a reasonable doubt."

Instruction No. 8 was as follows: "Witnesses have been called in the trial of this cause who gave you their opinions concerning the reputation of the defendant for morality and his standing as a law-abiding citizen up to and prior to the time of this alleged crime. This evidence was not admitted to furnish the defendant with an excuse, license or defense for the crime charged in this case, if you are satisfied that he did commit this crime; for the law proposes to be fair and impartial to all, and requires that all persons, whether of good or bad reputation must obey it. These opinions are only competent for you to consider while considering all the evidence in this case, in determining the guilt or innocence of the defendant as

to the crime charged in this case; but if, after a fair and honest consideration of all the evidence in the case and these opinions, you are satisfied beyond a reasonable doubt that this defendant did commit the crime charged in the affidavit herein, then it is your duty to find him guilty as charged, regardless of his reputation and these opinions."

It will be observed that by this instruction the jury was told that the evidence relating to the defendant's character for morality and as a law-abiding citizen was "only competent" while considering all the evidence in the case, in determining his guilt or innocence. True, previous good character will not justify the commission of crime, nor will it alone avail as a defense, where, upon a consideration of all the evidence introduced at the trial, it clearly appears beyond a reasonable doubt that the defendant is guilty of the offense with which he is charged. But this is not the only purpose for which good character if found by the jury may be considered. For, as said in *Walker* v. *State* (1894), 136 Ind. 663, 669, 36 N. E. 356, and reaffirmed in *Hundley* v. *State* (1909), 173 Ind. 684, 91 N. E. 225: "Good character may always benefit a guilty defendant, for the jury may take it into consideration in fixing his punishment, and may, by reason of his character, mitigate the punishment." Under the instruction before us the jury was precluded from considering good character of the appellant for any purpose other than in connection with all of the other evidence in determining his guilt. Upon a careful consideration of the evidence in this case, and in view of the punishment assessed, we are satisfied that the instruction was not only erroneous, but harmful. 1 Wharton, Criminal Law (11th ed.) §397.

Instruction No. 9 told the jury, first, that under the Constitution of the state it was the judge of the law

and the facts; secondly, it undertook to explain to the jury its duty within the meaning of that provision; and thirdly, it amounted to an admonition to the jury as to the law's safeguards to society. This instruction is made up mainly from expressions taken from the reported opinions of this court and, while we cannot say that it was an improper instruction, yet, it is close to the border line of confusing the jury as to its right under the Constitution to determine the law and the facts. The objection that.it invades the province of the jury and imposes restrictions and limitations upon it not warranted by the Constitution cannot be sustained.

Other questions are presented which may not arise at another trial, and we deem it unnecessary to consider them at this time. For the error in giving instruction No. 8, the judgment must be reversed, and it is so ordered with instructions to the trial court to grant a new trial, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 121 N. E. 369.