EQUITABLE LIFE INSURANCE COMPANY OF IOWA
v. TAYLOR ET AL.

[No. 15,930. Filed December 20, 1938. Rehearing denied March 22, 1939. Transfer denied May 16, 1939.]

*Hatfield & Hatfield* and *Phineas M. Henry,* for appellant.

*Edgar Durre* and *Winfield K. Denton,* for appellees.

DUDINE, J.—This was an action instituted by appellees as named beneficiaries in a life insurance policy issued by appellant on the life of Russell Gentry, to recover an amount allegedly due them on said policy.

The issues were formed by a complaint in one paragraph and an answer in three paragraphs, the first being a general denial, the second a plea of payment, and the third pleading the statute of limitations.

The cause was tried by a jury which returned a verdict in favor of appellees for $1,850.00 and the court entered judgment accordingly.

The overruling of a motion for a new trial filed by appellant is the sole error assigned upon appeal.

The causes for new trial set forth in the motion and discussed in appellant's brief are alleged error in the giving of each of several instructions, error in the

court's refusal to give each of several instructions, that the verdict is not sustained by sufficient evidence, and that the verdict is contrary to law.

In support of each of the contentions that the verdict is not sustained by sufficient evidence and that it is contrary to law appellant says in its brief: "The uncontradicted evidence established that the insured, after being fully advised of his rights as to extended insurance, refused to take extended insurance, but applied for and received as a loan the then full cash value of the policy in the sum of $170.00 and paid-up insurance in the sum of $469.00; also that no further premiums were paid upon the policy and after death the beneficiaries received back the loan agreement executed by them and the insured and cashed a check for the full amount of paid-up insurance, $469.00, less the amount due on the loan, and surrendered further claim under the policy; also that notwithstanding they still had and retained the full settlement amount, they filed suit, charging fraud, asking a recovery on the policy, without any attempt or offer to rescind."

We have read the evidence and find there is evidence in the record which would sustain a finding of the facts which appellant says were established by "uncontradicted" evidence, but all of said facts are *not conclusively* proven.

It was stipulated by the parties that: On January 22, 1919, appellant issued a life insurance policy to Russell Gentry insuring his life in the sum of $2,000.00. Said policy lapsed July 22, 1924, for non-payment of premium. The paid-up insurance value of said policy on that date was $469.00. Upon the lapse of said policy appellant company classified said policy on its books as a paid-up policy in the sum of $469.00. On August 24, 1931, insured borrowed $170.00, the full amount of the cash value of said policy, from the insurer and executed

a loan agreement therefor. Upon receipt of proofs of death of insured (which occurred *June 18, 1932*) the insurer paid appellees $304.71 on said policy. Said amount was arrived at as follows:

Reduced paid-up policy.....................................$469.00
Refund policy loan interest............................  5.71

Total .......................................................$474.71
Less policy loan................................. 170.00

Balance ...............................................$304.71

There is evidence in the record which tends to show that insured *at the time of making the loan* declined to elect to take extended insurance. Under the provisions of the policy he had but three months after default to make such election, consequently the time within which he could make such election, under the terms of the policy, had expired long before he made the loan. The evidence falls far short of *conclusively* showing, as appellant contends, that insured "refused to take extended insurance"; on the contrary the evidence would sustain a finding that insured did *not* "refuse" or elect *any* options provided in the policy upon lapsation; it would sustain a finding that insured did nothing thereafter, in connection with his insurance contract, except that he made said loan.

The evidence also shows that appellant's representatives told appellees that $304.71 was all they were entitled to under said policy, and that appellees relied upon said representations and were induced thereby to accept said amount.

This policy having been issued in Indiana in 1919, the provision of Sec. 39-801 Burns 1933, §9723 Baldwin's 1934 (Acts 1909, Ch. 90, §5), must be read into it. Clause 10 of said Act provides that in case of default in the payment of premium, after premiums have been paid for not less than three years

(as was the case here) the policy shall continue as extended insurance. In such event the policy continues as extended insurance without the exercise of any option by the insured. *Equitable Life Ins. Co. of Iowa* v. *Horner* (1933), 97 Ind. App. 347, 182 N. E. 463.

It was stipulated by the parties that at the date of the lapsation, July 24, 1924, the policy had extended insurance value (for the full amount of the policy) for eleven years and forty days. Insured died June 18, 1932, which date was well within said period of time. The making of said loan did not forfeit the extended insurance which was, by operation of law, in force when the loan was made, and had been in force since the date of lapsation.

We hold that there is ample evidence to sustain the verdict and that it is not contrary to law.

Appellant's criticism of each of instructions 2, 3, and 5, which were tendered by appellees and given by the court, and appellant's criticism of the court's refusal to give instruction 4 tendered by appellant is met by the giving of instruction 1 given on the court's own motion.

Appellant complains of the court's refusal to give instruction 2 tendered by appellant. In this instruction many facts shown by the evidence are recited, and then follows this language: "If, therefore, you find from the evidence in this case that while said policy was in default by reason of non-payment of premium due and that at that time there was no indebtedness against the policy and that the insured borrowed and received from the company upon said policy the sum of $170.00 and that said amount at that time was the full cash value of the policy, then I instruct you that there was no right to claim any extended insurance and the plaintiffs would not be entitled to recover in this action on extended insurance, in which event plaintiffs are not entitled to

recover and your verdict herein should be for the defendant."

Appellant contends that the insured could not "withdraw from the policy its entire value and yet have the policy continued for its face value as extended insurance." Said proposition is tenable when the "withdrawal," is a surrender of the policy for its cash value [see *Pacific States Life Ins. Co.* v. *Bryce* (1933), 67 Fed. (2d) (N. M.) 710; *Lipman* v. *Equitable Life Assur. Soc. of U. S.* (1932), 58 F. (2d) (Md.) 15], but it is not tenable as applied to a *loan* of the full amount of cash value in the absence of statutory provisions, or provisions in an insurance policy to that effect. Appellant does not cite such provisions as being applicable here and we have found none. The making of such a loan, in the absence of such provisions, is a new transaction which is independent of the insurance contract, except that the equity of the insured under the policy is held by the insurer as collateral security for the payment of the loan.

What we have said with reference to appellant's criticism of the court's refusal to give instruction 2 tendered by appellant is applicable to appellant's criticism of the court's refusal to give each of instructions 4 and 12 tendered by appellant.

Instructions 6 and 7 tendered by appellant and refused by the court each referred to charges of fraud in the complaint and stated the proposition that appellees could not recover in this action unless they had tendered or paid back the amount received by them from the insurer, before bringing suit.

Appellant contends in support of this contention that said instructions should have been given because "one cannot retain the benefits of fraud and then prosecute an action on the original contract without rescinding or offering to rescind." A sufficient answer to said con-

tention is the fact that appellees did not "retain the benefits of the fraud"; what they retained was the portion of the amount due them *under the insurance policy* which the insurer had paid them. They were seeking to recover the balance due them under the insurance contract.

Having considered all the instructions given, as a whole, we think none of them were erroneous, and we think the court did not commit reversible error in refusing to give any of the instructions which were tendered by appellant and refused. No good purpose would be served by referring to the instructions in more detail, therefore we have refrained from doing so.

Appellant also complains that the court did not give "general instructions" as required by statute. (Sec. 2-2008 Burns 1933, §341 Baldwin's 1934.) The record discloses no objection or exception to the court's action in that respect previous to the filing of the motion for new trial. Appellant's failure to ask such instructions and except to the refusal of the court to give them operates as a waiver of any objection to such omission, if any. *Marks* v. *Jacobs* (1881), 76 Ind. 216. See also *Murray* v. *State* (1866), 26 Ind. 141; *Dorsey* v. *State* (1913), 179 Ind. 531, 100 N. E. 369; *Pittsburg, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033.

No reversible error having been shown, the judgment is affirmed.