Sullivan *et al. v.* The State.

---

## SULLIVAN ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Obstruction of Highway.*—On the trial of a prosecution for obstructing a highway, it was not error to instruct the jury that before they could convict they must be satisfied, beyond a reasonable doubt, that there was a public highway where it was claimed that the obstruction had been placed, that there was an obstruction, and that the defendants, or some one or more of them, caused the obstruction.

HIGHWAY.—*Dedication.*—The fact that a road has been used by the public for a considerable length of time, with the knowledge of the owners of the land, does not create a presumption of dedication, unless such use be also with the consent of said owners.

SAME.—*Obstruction.*—It was not error to instruct the jury, on the trial of a prosecution for obstructing a highway, that it was proper for them, in determining the question whether a highway existed by prescription, to inquire whether it was shown by the evidence that one of the defendants assisted in cutting out such road, and whether one of the defendants, while owning land over which it passed, admitted the existence of the highway.

CRIMINAL LAW.—*Instruction to Jury.*—*Reasonable Doubt.*—Where, on the trial of a criminal action, the court instructed the jury that " a reasonable doubt arises when the evidence is not sufficient to satisfy the minds of the jury to a moral or reasonable certainty of the defendant's guilt ; "

*Held,* that this was correct, and that if the defendant desired a more particular definition, he should have submitted to the court such an instruction.

From the Switzerland Circuit Court.

*S. Carter, W. R. Johnston, J. A. Works* and *J. D. Works,* for appellants.

*C. A. Buskirk,* Attorney General, *W. H. Adkinson* and *W. D. Ward,* for the State.

BUSKIRK, J. — This was a prosecution for obstructing a highway. Trial by jury; verdict of guilty; motion for a new trial overruled.

The assignment of error is based upon the action of the court in overruling a motion for a new trial.

The new trial was asked for the following reasons:

1. Error of the court in giving instructions numbered 1, 2, 3, 4 and 5.

2. Error of the court in refusing to give instructions numbered 1, 2, 3, 4 and 5, as asked for by appellants.

3. That the verdict is not sustained by sufficient evidence.

4. That the verdict is contrary to law.

There is no objection to the first instruction. By that the jury were charged that, before they could convict, they must be satisfied, beyond a reasonable doubt, of the following propositions: 1. That there is a public highway where the obstruction is claimed to have been placed. 2. That there was an obstruction. 3. That the defendants, or some one or more of them, caused the obstruction.

The second charge relates to the creation of highways by prescription. It is quite lengthy, and in view of the full and careful consideration of that question in the recent case of *Summers* v. *The State,* 51 Ind. 201, we do not deem it necessary to set it out in this opinion or to re-examine the question then so fully considered. The objection urged to it is, that the jury were informed that if the road had been used by the public for a considerable length of time, with the knowledge of the owners, a dedication might be presumed. The knowledge of the owner of the land is not enough, for he may have protested and objected to its use. It should have been with his knowledge and consent, or without objection on his part. This is settled by the above case and authorities there cited.

By the third instruction, the jury were told that it was proper for them, in determining the question whether a highway existed by prescription, to inquire if it is shown by

the evidence that one of the defendants assisted in cutting out such road, and whether one of the defendants, while owning land over which it passed, admitted the existence of the highway. We think this charge was correct.

Counsel for appellants do not, in their brief, urge any objection to the fourth charge, and we have not discovered any.

Counsel only complain of the latter portion of the fifth instruction. The portion claimed to be erroneous is as follows: "A reasonable doubt arises when the evidence is not sufficient to satisfy the minds of the jury to a moral or reasonable certainty of the defendant's guilt."

The instruction, as given, is correct, and if the appellants desired a more particular definition of a reasonable doubt, they should have prepared and submitted to the court an instruction on such point.

We do not deem it necessary to examine the instructions refused, as, upon another trial, the court will have the opinion in the present case, and in that of *Summers* v. *The State, supra*.

For the error of the court in giving the second instruction, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded for another trial, in accordance with this opinion.