Plake v. The State.

Filed Jan. 11, 1890.

———————

No. 14,976.

PLAKE v. THE STATE.

CRIMINAL LAW.—*Assault and Battery with Intent to Murder.—Indictment.*—Where an indictment charges that the contents of a pistol were discharged by the accused into the person of another with the intent purposely, unlawfully and with premeditated malice to kill and murder such person, it is sufficient.

SAME.—*Insanity.—Reasonable Doubt.— Verdict.*—If the evidence is of such

a character as to create a reasonable doubt whether the accused was of unsound mind at the time the crime was committed, he is entitled to a verdict of acquittal.

SAME.—*Impaired Will Power.*—*Criminal Responsibility.*—A person with sufficient mental capacity to know right from wrong is not criminally responsible for his acts if his will power is so impaired, the result of mental disease, that he can not resist an impulse to commit a crime.

SAME.— *Will Overborne by Passion.*—Where the will is simply overborne by ungoverned passion there may be criminal responsibility.

SAME.—*Insanity a Question of Fact for the Jury.*—*Instruction.*—Whether insanity exists, and its character and extent, is a question of fact for the jury, to be determined from the evidence, and it is not the province of the court to instruct the jury as a matter of law that insanity is a physical disease.

From the Marshall Circuit Court.

*C. Kellison,* for appellant.

*C. P. Drummond,* Prosecuting Attorney, for the State.

ELLIOTT, J.—The indictment charges that the appellant did unlawfully and feloniously touch and wound Frank L. Johnson by discharging into his person the contents of a pistol, loaded with powder and ball, "with the intent then and thereby him the said Frank L. Johnson, feloniously, purposely, and with premeditated malice to kill and murder."

Counsel asserts that the indictment is bad, because it does not allege that the touching and wounding were done purposely and maliciously, but we regard this contention as entirely destitute of merit. Where an indictment charges that the contents of a pistol were discharged by the accused into the person of another with the intent to purposely, unlawfully, and with premeditated malice kill and murder such person, it is sufficient. *Keeling* v. *State,* 107 Ind. 563; *Williams* v. *State,* 47 Ind. 568; *Cronkhite* v. *State,* 11 Ind. 307.

There was evidence upon the question of the appellant's mental incapacity which required the court to instruct the jury upon the question of criminal responsibility, and the court did give several instructions upon this subject. The entire series of instructions proceed upon a radically errone-

ous view of the law of criminal responsibility, and we do not deem it necessary to notice them in detail. We state a few settled principles, and adjudge the instructions to be erroneous because they are inconsistent with these principles.

If the evidence is of such a character as to create a reasonable doubt whether the accused was of unsound mind at the time the crime was committed, he is entitled to a verdict of acquittal. *Polk* v. *State,* 19 Ind. 170; *Bradley* v. *State,* 31 Ind. 492; *McDougal* v. *State,* 88 Ind. 24.

A person may have sufficient mental capacity to know right from wrong, and to be able to comprehend the nature and consequences of his act, and yet be not criminally responsible for his acts; for, if the will power is so impaired that he can not resist an impulse to commit a crime, he is not of sound mind. *Goodwin* v. *State,* 96 Ind. 550, and cases cited; *Conway* v. *State,* 118 Ind. 482. If the lack of will power is the result of a diseased state of the mind, there is mental unsoundness within the meaning of the law; but if the will is simply overborne by ungoverned passion, there may be criminal responsibility. *Goodwin* v. *State, supra,* and authorities cited.

It is not the province of the court to instruct the jury that insanity is a physical disease. It is a question of fact, to be determined from the evidence, whether insanity exists, and what its character and extent is; and not one to be determined as a matter of law by the court. *Grubb* v. *State,* 117 Ind. 277. The province of the court is to state the general rules of law to the jury, and it has no right to charge, as matter of law, that insanity is a physical disease of any particular organ of the body. It is not safe to take from works upon medical jurisprudence definitions of insanity, for they are, in many instances, merely speculative opinions, and they are also opinions upon a subject on which it is impossible to reconcile the discordant views of theoretical writers. It must, in each particular case, be a question of fact to be de-

termined from the evidence whether there was insanity, and what was its cause and character.

We do not deem it necessary to discuss other questions argued, for it is not probable that they will arise on another trial.

Judgment reversed.

