## MORGAN v. STATE OF INDIANA.

[No. 23,756. Filed April 8, 1921.]

1. CRIMINAL LAW.—*Instructions.*—*"Reasonable Doubt."*—In a criminal prosecution, an instruction that if, after an "impartial comparison and consideration of all the evidence, you can truthfully say that you have an abiding conviction of the defendant's guilt, such as you would be willing to act upon in the more weighty and important matters relating to your own affairs, then you have no reasonable doubt," *held* too narrow in that the words "more weighty and important matters" were used instead of the words "matters of the highest and most important affairs." p. 414.

2. CRIMINAL LAW.—*"Reasonable Doubt."*—In a criminal prosecution, the evidence is insufficient unless it excludes from the mind of the juror all reasonable doubt as to the defendant's guilt, and unless the juror is so convinced by the evidence, no matter what class, of defendant's guilt, that a prudent man would feel safe to act upon that conviction in matters of the highest concern and importance to his own dearest personal interest under circumstances where there was no compulsion resting upon him to act at all. p. 415.

3. CRIMINAL LAW.—*Assault and Battery With Intent to Kill.*—*Defense of Insanity.*—*Instructions.*—*Intent.*—In a prosecution for assault and battery with intent to kill in which defendant filed a special plea setting up the defense of insanity, the giving of an instruction upon the subject of intent as an essential element of the crime was not error, in view of other instructions informing the jury that criminal intent must be

proved beyond a reasonable doubt, and that a person of unsound mind is incapable of forming an intent and that a person in that mental condition cannot be convicted of any crime. p. 416.

4. HOMICIDE.—*Assault and Battery With Intent to Kill.—Inferring Intent from Conduct.*—In a prosecution for assault and battery with intent to kill, evidence that defendant deliberately used a deadly weapon in committing the assault and battery in such a manner as was reasonably calculated to take the life of the complaining witness warrants an inference that defendant, in committing the assault, intended to take her life. p. 416.

5. HOMICIDE.—*Assault and Battery With Intent to·Kill.—Inferring Malice.*—Malice in the commission of an assault and battery may be inferred where defendant purposely shot the complaining witness without justification or legal excuse or reasonable provocation. p. 416.

6. HOMICIDE.—*Assault and Battery With Intent to Kill.—Elements.—Motive.*—In a prosecution for assault and battery with intent to kill, the state is not required to prove a motive on the part of defendant in order to secure a conviction. p. 417.

7. CRIMINAL LAW.—*Assault and Battery With Intent to Kill.— Instructions. — Inferring Motive. — Province of Jury.* — In a prosecution for an assault and battery with intent to kill, an instruction stating that proof of motive was not essential to a conviction, and that the motive might be found from the commission of the crime, *held* not to be an invasion of the province of the jury. p. 417.

8. HOMICIDE.—*Assault and Battery With Intent to Kill.—Defense of Insanity.—Instructions.—Impaired Will Power.*—In a prosecution for assault and battery with intent to kill in which defendant pleaded insanity as a defense, an instruction that, if defendant had an insane impulse to kill the complaining witness which he could not control, then mental disease produced it, but if he could have controlled such impulse, his will must have assented to the act, and it was not caused by the disease, but by the concurrence of his will, and was, therefore, criminal, was erroneous, since the state was required to show, not only that defendant could resist or control his impulse to kill the complaining witness, but also that he had sufficient mental power to know that such act was wrong and that he could comprehend the nature ·and consequences of his act. p. 417.

9. HOMICIDE.—*Assault and Battery With Intent to Kill.—Defense of Insanity.—Instructions.—Knowledge of Right and Wrong.*—In a prosecution for assault and battery with intent to kill in which defendant filed a special plea of insanity, in-

structions that, if defendant knew the nature and quality of his act, or knew the act was wrong, he would be responsible, *held* erroneous as making a knowledge of right and wrong the sole test of insanity, since a person may have sufficient mental capacity to know right from wrong and to be able to comprehend the nature and consequences of his act, and yet be not criminally responsible therefor, for, if the will power is so impaired that he cannot resist an impulse to commit a criminal act, he is not of sound mind.　p. 417.

10. CRIMINAL LAW.—*Defense of Insanity.—Jury Questions.—* Whether insanity exists, and its character and extent, is a question of fact for the jury to be determined from the evidence. p. 418.

11. HOMICIDE.—*Assault and Battery With Intent to Kill.—Defense of Insanity.—Instructions.—Knowledge of Right and Wrong.—Impaired Will Power.—*In a prosecution for assault and battery with intent to kill in which defendant pleaded the defense of insanity, an instruction that, if a person has not sufficient mental capacity to know right from wrong and cannot comprehend the nature and consequences of his act, and, if he has not sufficient will power to control an impulse to commit crime, he is not criminally responsible, *held*, erroneous because requiring the presence of each of the mental defects named, whereas if either was present, to the extent stated, defendant would not have been criminally responsible.　p. 418.

12. CRIMINAL LAW.—*Credibility of Witnesses.—Instructions.— Relationship of Witnesses to Accused.—*In a criminal prosecution, an instruction that, in determining the weight to be given to the testimony of witnesses, the jury might take into account, among other things, the relationship they sustained, if any, to the defendant, and their interest in the case, was not objectionable as invading the province of the jury by implying that the fact of relationship and the fact of interest detracted from the credibility of testimony.　p. 419.

13. HOMICIDE.—*Assault and Battery With Intent to Kill.—Defense of Insanity.—Instructions.—*In a prosecution for assault and battery with intent to kill, it was error to refuse defendant's requested instruction stating that the defense relied upon was insanity, and setting forth all the elements constituting unsoundness of mind and what the state was required to prove before a conviction could be sustained, where no other instruction given stated fully the principles embodied in the instruction tendered.　p. 419.

From St. Joseph Circuit Court; *Shepard J. Crumpacker,* Special Judge.

Prosecution by the State of Indiana against Kenneth Morgan. From a judgment of conviction, the defendant appeals. *Reversed.*

*Arthur L. Gilliom* and *Eli F. Seebiert,* for appellant.

*Ele Stansbury* and *U. S. Lesh,* Attorneys-General, *Remster A. Bingham* and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, C. J.—The appellant was convicted upon an affidavit, charging him with assault and battery with intent to kill. To this affidavit he entered a plea of "not guilty" and also filed a special plea in writing setting up the defense of insanity.

A trial by jury resulted in a verdict of "guilty." Judgment was rendered on such verdict and the appellant appeals and assigns as error that the court erred in overruling his motion for a new trial. The only errors alleged and not waived arise upon the giving and refusing of certain instructions.

The appellant claims that the court erred in giving of its own motion instructions Nos. 3, 6, 7, 8, 11, 12, 14, 17, 19 and 7B, also that the court erred in refusing to give instructions Nos. 1, 3 and 4 tendered by the appellant.

Instruction No. 3 complained of by the appellant is on the subject of "reasonable doubt" and is as follows:

"A reasonable doubt is a doubt based on reason, and which is reasonable in view of all the evidence. And after an impartial comparison and consideration of all the evidence, if you can candidly say that you are not satisfied of the defendant's guilt, you have a reasonable doubt; but, if after such impartial comparison and consideration of all the evidence you can truthfully say that you have an abiding conviction of the defendant's guilt, such as you would be willing to act upon in the more weighty and important

matters, relating to your own affairs, then you have no reasonable doubt.   But if you can reconcile the evidence before you upon any reasonable hypothesis consistent with the defendant's innocence, you should do so, and in that case find him not guilty."

The objection of appellant to this instruction is that the test of reasonable doubt involves matters of the highest and most important affairs, while the instruction given uses the term "more weighty and important matters" instead of "matters of the highest and most important affairs."

Appellant also claims that an instruction on reasonable doubt should make it plain to the jury that a juror should not find the defendant guilty unless the evidence produces a conviction upon which the juror would be willing to act without hesitation in matters of the highest and most important concern to himself, when there is no compulsion resting upon him to act at all.

We think appellant is right in his contention.   The instruction given is too narrow.   Whatever is stated in that instruction as to reasonable doubt is true as far as it goes, but it is not as full and complete as the law requires.   A juror in a criminal case ought not to condemn unless the evidence excludes from his mind all reasonable doubt as to the defendant's guilt; that is, unless he be so convinced by the evidence, no matter what the class of the evidence of the defendant's guilt, that a prudent man would feel safe to act upon that conviction in matters of the highest concern and importance to his own dearest personal interest, under circumstances where there was no compulsion resting upon him to act at all.   *Bradley* v. *State* (1869), 31 Ind. 492.   No other instructions given by the court supplies the defects apparent in this one.   The defendant was entitled to an instruction which stated the law upon the subject of "reasonable doubt" fully and com-

pletely and instruction No. 1 tendered by him did so. See *Bradley* v. *State, supra.* This instruction so tendered by appellant should have been given, and the failure of the court to do so was error.

Instruction No. 6 given by the court is condemned by appellant because he claims it was not applicable to this case, because the defense relied upon was 3. insanity. This instruction was upon the subject of intent as an essential element of the crime charged. That the defense relied upon by the defendant was insanity cannot make any difference in view of the fact that by instruction No. 10 the jury were told that under our law a person of unsound mind cannot be convicted of any crime. This instruction states that criminal intent by the defendant must be proved beyond a reasonable doubt. Other instructions make it clear that a person of unsound mind is incapable of forming an intent. It was not error to give this instruction.

Instruction No. 7 complained of by the appellant stated that: "If you find from the evidence in this case that the defendant deliberately used a deadly 4. weapon in committing an assault and battery upon Pauline MacDonald, in such manner as was reasonably calculated to take or destroy her life, then the law permits you to infer from such facts that the defendant intended to take life from the act itself; and, if you further find that the shooting was done 5. purposely, without justification, or legal excuse, or reasonable provocation, then under such finding of facts you may also infer malice from the act itself." This instruction was not erroneous. See *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568.

Instruction No. 7B states that: "Proof of motive on the part of the state is not indispensable nor essential

to a conviction, while a motive to commit a crime
**6, 7.** may be shown as a circumstance to aid in the fixing of the crime on the defendant, yet the state is not required to prove a motive on the part of the defendant in order to convict him; and you will be justified in finding a motive from the commission of the crime itself, if the commission of it by the defendant is proved beyond a reasonable doubt." This instruction states the law correctly upon the subject of motive and is not an invasion of the province of the jury. *Wheeler* v. *State* (1902), 158 Ind. 687, 63 N. E. 975.

Instruction No. 8 is objectionable in that it states that, if the appellant had an insane impulse to kill Pauline MacDonald which he could not control, **8.** then mental disease produced it. If he could have controlled it, then his will must have assented to the act, and it was not caused by the disease, but by the concurrence of his will, and was therefore criminal. This instruction leaves out of the question every phase of mental unsoundness, except insane impulse. In order for the state to convict in this case it was necessary not only to show beyond a reasonable doubt that the defendant could resist or control his impulse to kill Pauline MacDonald, but it must further be shown that he did have sufficient mental power to know that such act was wrong and that he could comprehend the nature and consequences of his act. This instruction was wrong and calculated to mislead the jury. See *Bradley* v. *State, supra.* Also, *Plake* v. *State* (1890), 121 Ind. 433, 23 N. E. 273, 16 Am. St. 408.

Instructions Nos. 11 and 12 are each erroneous. In instruction No. 11 the jury were told that, if the defendant knew the nature of the quality of his act, **9.** or knew the act was wrong, then he is held responsible under the law for his acts, thus making

a knowledge of right and wrong the sole test of insanity. This was error. See *Goodwin* v. *State* (1884), 96 Ind. 550.

A person may have sufficient mental capacity to know right from wrong and to be able to comprehend the nature and consequences of the act, and yet be not criminally responsible for his action, for, if the will power is so impaired that he cannot resist an impulse to commit a criminal act, he is not of sound mind. Whether insanity exists, and its character and extent, is a question of fact for the jury, to be determined from the evidence. *Plake* v. *State, supra.*

Instruction No. 12 tells the jury that, if a person has not sufficient mental capacity to know right from wrong and cannot comprehend the nature and consequences of his act, and, if he has not sufficient will power to control an impulse to commit crime, he is not criminally responsible. This instruction informs the jury that there must be present each of the mental defects named in the instruction, before the jury would be warranted in finding that the defendant was not responsible on account of unsoundness of mind, whereas if either one of the above-named mental defects was present, to the extent stated in the instruction, he was not criminally responsible.

The appellant objects to the fourteenth instruction for the reason that he says that it misstates the evidence and gives to the opinions of nonexpert witnesses, on the question of defendant's sanity, a greater weight than they are entitled to, by stating that they gave their opinions of defendant's mental condition at the time of the shooting, whereas the record shows that they confined their opinions to the period of their observations, and not on the unsoundness of mind of the defendant at the time of the alleged commission of the offense charged in the affidavit. This objection cannot be

maintained. We find upon examination of the evidence set forth in the appellant's brief that the witness, Pauline MacDonald, stated that she always thought the defendant to be of sound mind. Witness Golda Linehart also states that she always thought the defendant was of sound mind. Pauline MacDonald was the person whom the defendant is charged with shooting, and, so far as we have been able to find from the record, is the only one who observed the actions of the defendant at the time of the shooting. These were nonexpert witnesses. The objection to this instruction is not well taken.

Instruction No. 17 fairly states the law upon the question of evidence of good reputation. It is not open to the objection made to it by the appellant. See *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039.

Instruction No. 19 is condemned by appellant because he claims it invades the province of the jury on the question of the credibility of witnesses, by implying that the fact of relationship and the fact of interest detract from the credibility of testimony. No such implication is warranted by the instruction. An instruction to the jury in a criminal action that in determining the weight to be given to the testimony of the different witnesses they might take into account, among other things, the relationship they sustained, if any, to the defendant, and their interest or want of interest in the case, was not error. The instruction is not open to the objection urged. *Keesier* v. *State* (1900), 154 Ind. 242, 56 N. E. 232.

Instruction No. 3 tendered by the appellant stated that the defense relied upon was insanity, and stated all the elements constituting unsoundness of mind and what the state was required to prove before a conviction could be sustained. No other instructions given in the case stated fully the principles

embodied in this instruction, and it was therefore error on the part of the court to refuse to give it.

Instruction No. 4 tendered by appellant is a copy of No. 9A given by the court. The errors above enumerated require a reversal of the judgment.

Judgment reversed, with instructions to the St. Joseph Circuit Court to sustain appellant's motion for a new trial.

Myers, Townsend, JJ., absent.