ERNEST LESTER WILSON, JR. *v.* STATE OF INDIANA.

[No. 971S257. Filed January 9, 1973. Rehearing denied March 16, 1973.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of Second Degree Burglary under the Acts of 1941, ch. 148, § 4, 1956 Repl. Burns Ind. Stat. Ann. § 10-701, IC 1971, 35-13-4-4. He was sentenced to imprisonment for not less than two nor more than five years and disfranchised for one year.

The sole issue on appeal is the sufficiency of the evidence.

The evidence adduced at the trial, when viewed most favorably to the State, discloses that on December 3, 1970, at approximately 9:00 p.m. the defendant employed a cab driver, on a time basis, and paid him $5.00 of the $6.00 customarily charged as an advance on the fare, being unable to pay the full $6.00 at that time. The defendant was known to the cab driver and was known by him to be a regular customer of the cab company. The driver took the defendant first to a department store, which he entered while the driver waited. In approximately fifteen minutes the defendant returned to the cab carrying a sack. From there, the defendant was driven to Southport, where the cab was parked next to the Southport United Methodist Church. The defendant alighted, taking the sack with him and instructed the driver to wait for approximately forty-five minutes for him. The defendant returned in less than an hour, at which time he did not have with him the sack previously mentioned, and he then paid the

driver the $1.00 owing upon the aforesaid advance. The driver made several later stops, at the defendant's instructions and on one occasion both went into a restaurant, where the driver saw the defendant exchange some coins for a $20.00 bill. Later in the evening, the defendant paid his cab fare of $30.00 with bills. On the following morning, it was discovered that the United Methodist Church in Southport had been burglarized. A door had been forced, a coin vending machine and safe had been pried open, and the office had been ransacked. Thirty-eight dollars and seventy-two cents had been taken from the safe, together with seventy-five bond coupons having no value. An undetermined amount of cash had been taken from the vending machine and from donation envelopes. On the following Monday, December 7, 1970, Defendant went to the bank, displayed the coupons to a teller, inquired if they had any value and was advised that they did not. On the same day, he went to the burglarized church, delivered the coupons to the pastor and told him that he had found them in a trash can behind the Circle Roofing Company where he worked and that he was returning them to the church because he thought they might be of value. Upon learning that the defendant had not been employed by the Circle Roofing Company for several weeks, the pastor notified the authorities, and the defendant was arrested and indicted.

When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Taylor* v. *State* (1972), 259 Ind. 25, 284 N. E. 2d 775; *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

We hold the foregoing evidence sufficient to sustain the conviction of second degree burglary which required that the defendant be proven guilty, beyond a reasonable doubt,

of breaking and entering into the church, with the intent to commit a felony therein.

Not only was the appellant in possession of recently stolen goods, his explanation therefor was suspect and obviously rejected by the jury. Additionally, the defendant was in the immediate vicinity of the church for approximately forty-five minutes on the night preceding the discovery of the burglary. He had determined that the coupons had no value, and only, thereafter, did he return them to the church. Prior to being delivered to the vicinity of the church by the cab driver, he had no money to pay his fare, but after returning to the cab he did. Shortly thereafter, he exchanged twenty dollars in change for a bill. The totality of the facts clearly permits the inference that the defendant was the one who broke and entered the church and that at such time had the intent to commit a burglary, which was in fact committed. Such inferences are permissible when the evidence warrants. *Coleman* v. *State, supra; Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *Heacock* v. *State* (1968), 249 Ind. 453, 233 N. E. 2d 179.

It is true the defendant offered an explanation of his possession of the coupons. It is equally true that the jury rejected this explanation, which they had every right to do. The determination of the defendant's credibility was within the province of the jury and not of this Court. *Coleman* v. *State, supra; Fuller* v. *State, supra; Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

When there is substantial evidence of probative value from which the jury can reasonably infer that the defendant was guilty beyond a reasonable doubt, this Court may not weigh the evidence and overturn the verdict upon appeal. *Taylor* v. *State, supra; Coleman* v. *State, supra; Gibson* v. *State, supra.*

Affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 65.