ROBERT LATHAM WILLIAMS *v.* STATE OF INDIANA.

[No. 1-1273A211. Filed July 29, 1974. Rehearing denied August 27, 1974. Transfer denied December 30, 1974.]

*Comer Biggerstaff,* of New Albany, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell D. Millbranth,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Williams, the defendant-appellant, is appealing his conviction by a jury of first degree burglary. His allegations of error are: (1) error in the admission of a polygraph test; (2) error in the admission of a police blotter; (3) error in modifying two of his instructions and refusal of another; and (4) the conviction is not sustained by sufficient evidence. We affirm.

A summary of the evidence favorable to the State is: On October 9, 1972, Williams and three others drove his father's

automobile past a residence in Jeffersonville. After making a phone call to confirm that the house was empty, the four men returned. One of the four waited in the car while the others broke a window and entered the house. The men gathered various items from several rooms and stuffed them in a pillow case. In the meantime, a city police officer received a call to go to the residence. Before he could enter the house, the three men fled past him. The officer was unable to apprehend them but recognized Williams' two accomplices. The officer also found the automobile which contained the wallets of three of the four men.

During his jury trial, Williams raised an alibi defense contending that he was at home at the time the burglary occurred. He claimed that his automobile had been reported to the police as stolen at 7:00 P.M., approximately an hour before the burglary. The police blotter, however, showed that this call was not received until 9:45 P.M., after the burglary.

## ISSUE ONE

Williams first contends that evidence from a polygraph test administered to him was improperly admitted at trial. He argues that the test was given in violation of his constitutional rights in that he was compelled to testify against himself and was denied presence of counsel. We do not agree.

Williams was given the test during the time he was held in custody. He objected to the admission of the test results when the State sought to introduce them on rebuttal. A hearing was then held out of the presence of the jury to determine whether Williams had effectively waived his constitutional rights.

The State introduced a waiver form signed by Williams which informed him of his right to silence and right to presence of counsel. In addition, the officer who administered the test stated that the waiver form had been completely read to Williams and that he signed it after stating that he

fully understood the form and consented to the test. Williams' testimony contradicted that of the officer in certain respects, but the trial judge determined that the test was voluntary. The officer was then allowed to testify in the presence of the jury concerning the results of the test.

The trial judge heard the conflicting evidence and resolved the conflict in favor of the State. Since his decision was supported by substantial evidence we must accept his determination. *Smith* v. *State* (1969), 252 Ind. 425, 249 N.E.2d 493; *Ramirez* v. *State* (1972), 153 Ind. App. 142, 286 N.E.2d 219; *Hutts* v. *State* (1973), 157 Ind. App. 83, 298 N.E.2d 487.

## ISSUE TWO

Williams next argues that the trial court erred in admitting into evidence the police blotter made on the evening of the crime. The blotter was introduced to rebut the statement that the car had been reported as stolen at 7:00 P.M., before the burglary. The blotter showed that the call had not been received until 9:45 P.M., after the robbery had taken place.

Williams contends that the blotter should not have been admitted because it was possible for calls to come into the police department and not be recorded. Such an objection, however, would go to the weight of the evidence, not its admissibility.

Regardless of whether the admission was error, we cannot say that it so substantially prejudiced the defendant as to constitute reversible error.

## ISSUE THREE

Williams next contends that the court erred in modifying two of his offered instructions and refusing to give a third.

The court deleted the following portion of instruction No. 2 offered by Williams:

"This presumption carries the force of law and can only be controverted by evidence which leaves the minds of the

jury in that condition that they can say that they feel an abiding conviction, to a moral certainty, of the truth of the charge."

Williams posits that the deletion of this portion was improper in that those words were necessary for the jury to properly understand the reasonable doubt standard.

In judging the sufficiency of instructions, the instructions must be read as a whole. It is not error to refuse an instruction the substance of which is sufficiently covered by another instruction. *Martin* v. *State* (1973), 260 Ind. 490, 296 N.E.2d 793; *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525; *Shack* v. *State* (1972), 259 Ind. 450, 288 N.E.2d 155.

The reasonable doubt standard was covered in several other instructions. For example, an instruction was given which read:

"But this rule of law clothes every person accused of crime with the presumption of innocence, and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt . . . is a humane provision of the law, intended so far as human agencies can, to guard against the danger of any innocent person being unjustly punished.

By reasonable doubt, is not meant, a whim or capricious, or speculative doubt. It is properly termed a reasonable doubt as distinguished from an unreasonable or speculative doubt, and it must arise from all of the evidence or absence of evidence relating to some material fact or facts, charged in the affidavit and not spring from mere subsidiary evidence."

Thus, the substance of the portion deleted by the court was adequately covered in the instruction given. The deletion was not error.

Williams then complains of the deletion of the following language from his offered instruction No. 5.

"Before there can be a conviction of the defendant, the State must prove all the material elements of the alleged offense. If from the evidence introduced, or from a lack of evidence, you entertain reasonable doubt as to whether

the defendant committed said offense, you should acquit the defendant."

Again, however, the substance of the omitted portion was sufficiently covered in other instructions given by the court. The burden of proof resting upon the State was given by the following instruction:

"In a criminal case, and this is a criminal case, the burden of proof is upon the State . . . to prove the allegations of the affidavit beyond a reasonable doubt."

Williams' final argument on instructions concerns the court's refusal to give defendant's instruction No. 7, which reads as follows:

"If you have reasonable doubt as to whether defendant Robert Latham Williams, was present at the home of Al Bostock, 202 Chippewa Drive, Jeffersonville, Indiana, at the hour of approximately eight o'clock on the night of October 9, 1973, (1972) (sic), you must acquit him."

The court did, however, give the following instruction:

"An alibi is a legitimate and proper defense herein for the defendant, and evidence has been submitted to the jury relative thereto. If the jury find from a consideration of the evidence that the defendant was not at the alleged place when and where the alleged crime was committed, then the defendant should be acquitted. If the jury have, from a consideration of the evidence, a reasonable doubt as to whether the defendant was at the alleged place when and where the alleged crime was committed, then the defendant should be acquitted."

The alibi defense was sufficiently explained to the jury by the instruction given. Refusal to give the alibi instruction of defendant was not error. *Martin* v. *State, supra; Sargeant* v. *State, supra; Shack* v. *State, supra.*

## ISSUE FOUR

Williams finally contends that the evidence is insufficient as a matter of law to support his conviction.

The State's evidence consisted primarily of the testimony of the three other participants in the burglary. These per-

sons described their own activities and that of Williams in commission of the crime. Their testimony showed that Williams broke into and entered the house, with an intent to commit a felony—the essential elements of first degree burglary. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

Williams' only argument on this issue is that the testimony of the three accomplices should not have been believed. However, the time for such an assertion has passed. The credibility of witnesses is a matter within the sole province of the trier of fact at the trial level. We cannot weigh the evidence or determine the credibility of witnesses. We must consider only that evidence most favorable to the State. If there is substantial evidence to support the conviction it must be affirmed. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Wilson* v. *State* (1973), 259 Ind. 657, 291 N.E.2d 65; *Webster* v. *State* (1973), 155 Ind. App. 510, 293 N.E.2d 529.

Reviewing the testimony of the accomplices, we cannot say that the evidence is insufficient.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 314 N.E.2d 764.