DONALD MITCHELL MALLARD v. STATE OF INDIANA.

[No. 3-774A122. Filed June 19, 1975.]

*James E. Burke,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant Mallard was convicted of First Degree Burglary and contends on appeal that the trial court erred in refusing to give certain jury instructions.

We affirm.

Mallard first contends that error was committed in the refusal to give the following instruction:

"If you find that the defendant entered the building illegally, but that he did not form an intention to commit a crime therein until he was already inside, he must be acquitted of the charge of burglary."

This instruction is a correct statement of law, as far as it goes. The request that the instruction be given was properly refused, however, because the subject matter was sufficiently covered by other instructions given to the jury. See *Martin* v. *State* (1973), 260 Ind. 490, 296 N.E.2d 793; *Pettit* v. *State* (1974), 161 Ind. App. 488, 316 N.E.2d 460; *Williams* v. *State* (1974), 161 Ind. App. 57, 314 N.E.2d 764. These other instructions enumerated the elements of the offense of burglary and informed the jury that each material element must be proved beyond a reasonable doubt.

Mallard's second contention on appeal is that the trial court

erred by refusing to give Defendant's Requested Instruction No. 2, which read as follows:

"If the prosecution had the power to produce stronger and more satisfactory evidence than that which was offered on a material point, you should distrust any weaker or less satisfactory evidence offered by it."

Mallard asserts that three of the State's witnesses present at the scene were qualified to take fingerprints, but failed to do so. Mallard argues that the State thereby relied upon "weaker" evidence, and that Mallard was therefore entitled to an instruction calling upon the jurors to distrust this weaker evidence.

We conclude that the tendered instruction was properly refused. The function of determining the weight of evidence and the credibility of witnesses is one for the jury. The tendered instruction was therefore properly refused since it would erroneously direct the jury to "distrust" evidence merely on the basis that other, stronger evidence might have been introduced. This proposition is improper in light of the established rule that it is for the jury alone to assign the weight which will be given to each item of evidence. *Yeary* v. *State* (1971), 257 Ind. 159, 273 N.E.2d 96; *Dockery* v. *State* (1974), 161 Ind. App. 681, 317 N.E.2d 453. In addition, Mallard's tendered instruction is essentially nothing more than a direction to the jury that it determine the weight of each item of evidence, and the jury was adequately informed of this function by other instructions given by the court. The refusal to give the instruction was therefore proper for the additional reason that the subject matter was covered by other instructions. *Martin* v. *State, supra.*

Mallard's final contention is that the trial court improperly refused to give the following instruction:

"If the jury finds that Sgt. Robison was available as a witness for the prosecution but not for the defendant, and is satisfied that diligent effort has not been made to find him

by the prosecution, they may presume that the testimony of such witness would be against the prosecution."

Sergeant Robison was one of the police officers who first entered the Johnson residence in which Mallard was apprehended. Testimony introduced at trial indicated that Sergeant Robison was not available to testify because he was engaged in two weeks of active military duty. The purpose of Mallard's tendered instruction was to direct the jury that the absence of Sergeant Robison would permit an inference that his testimony would have been unfavorable to the State's case.

One recognized basis for refusing an instruction is that the instruction is unsupported by the evidence. *Bivins* v. *State* (1970), 254 Ind. 184, 258 N.E.2d 644; *LaDuron* v. *State* (1973), 157 Ind. App. 189, 299 N.E.2d 227. The first proviso of the tendered instruction was that the witness be available to the prosecution but not to the defendant. In the instant case, however, Mallard was apprised of the fact that Sergeant Robison possessed information concerning this case in that Sergeant Robison was listed as a witness on the initial Information and his participation in the arrest was mentioned in an affidavit made in support of probable cause. Each of these documents identified Sergeant Robison as a member of the South Bend Police Department. Mallard was therefore afforded sufficient information by which to avail himself of the testimony of Sergeant Robison at trial. If both the State and a defendant have equal access to a particular witness, an instruction such as the one for which Mallard now argues is properly denied. *Gatchett* v. *State* (1973), 261 Ind. 109, 300 N.E.2d 665; *Armstrong* v. *State* (1967), 248 Ind. 396, 229 N.E.2d 631. In addition, the tendered instruction was premised upon Sergeant Robison being available to the prosecution but not to the defendant, whereas the undisputed evidence was that Sergeant Robison was available to neither party, due to his military service. Under these circumstances, it must be concluded that the tendered instruction was not supported by the evidence, and therefore was properly denied.

Having found no reversible error, we hereby affirm the decision of the trial court.

NOTE.—Reported at 329 N.E.2d 64.