JAMES EARL TOLIVER *v*. STATE OF INDIANA.

[No. 2-476A150. Filed October 28, 1976.]

*David W. Foley, Mullin, Foley & Gilroy*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Arthur Thaddeus Perry*, Deputy Attorney General, for appellee.

WHITE, J.—Convicted of assault with intent to commit statutory rape, appellant was sentenced to imprisonment for one (1) year. His appeal claims error: (1) In the court's giving its instruction on (a) reasonable doubt and (b) the jury's duty to reason together; (2) In refusing to give (a) appellant's instruction on degree of certainty and (b) his instruction on mistake as to victim's age. Finding merit in (1) (b) and (2) (a), we reverse.

## I.

Appellant objects to the giving of paragraphs five and seven of the trial court's preliminary instruction 3P which reads as follows:

"[1] This formal charge is no evidence of guilt. It merely defines the accusation and limits it to the statutory crime. It, with the plea of Not Guilty, form the issue to be tried.

"[2] The burden is always upon the State to prove—never upon the accused to disprove—guilt. You must reconcile the evidence upon the theory of innocence, if that can reasonably be done.

"[3] In this process you must continuously presume innocence, until and unless, after full deliberations, each of you find guilt beyond a reasonable doubt.

"[4] A reasonable doubt is not a fanciful doubt. It is a doubt which arises from the evidence, the lack of evidence or a conflict in the evidence.

"[5] It is a doubt which would disturb the conscience of a resolute and decent person who is sincerely devoted to justice for everyone, without regard to his or her status in life or society.

"[6]   Each of you must be convinced beyond a reasonable doubt before you can, under your oath, vote for guilt.

"[7]   But under the same oath each of you are obligated to listen to differing views, with a willingness to be convinced. It is your duty to reason with each other in an honest effort to arrive at a just verdict.

"[8]   Since you are the judges of the law you should give the accused the benefit of any reasonable doubt as to the law.

"[9]   But you are bound by your oaths to apply the law as it exists, not as you believe it should be, either as to what constitutes a crime or the penalty the law prescribes for committing that crime.

"[10]   These are the standards you must honor—and be governed by—in a criminal trial.

"[11]   These rules are not intended to shield the guilty. They are humane rules designed to guard against the unjust punishment of the innocent."

The court refused to give appellant's tendered instruction which follows:

"The rule touching reasonable doubt can be and is thus stated for your guidance. If you and each of you are so convinced by the evidence, and considering all of the facts and circumstances in the evidence as a whole, of the guilt of the defendant, that as prudent men and women you would feel safe to act upon such conviction in a matter of the highest concern and importance to your own dearest and most important interests where there was no compulsion or coercion upon you to act at all, then you will have attained such degree of certainty as excludes reasonable doubt and authorizes conviction. If you are not so convinced by all the facts and circumstances in the evidence as a whole of the guilt of the defendant then you should acquit him."

Since the only specific objection he makes to the court's fifth paragraph is that it omits the language of his instruction, we consider only whether it was error to refuse his.

The two instructions speak of opposite aspects of the rule of reasonable doubt: The court's of doubt, the appellant's of certainty. The court gave no instruction which described

the degree of certainty of guilt the evidence must produce to justify conviction.

The State does not contend that there is anything erroneous, confusing, or misleading in appellant's instruction. The long history of Indiana Supreme Court approval of the wording of the instruction precludes such an argument. That history begins with *Bradley* v. *State* (1870), 31 Ind. 492, and continues to the present in *Vacendak* v. *State* (1976), 264 Ind. 101, 340 N.E.2d 352, 361, the latest of many intervening expressions of approval which have quoted the following from *Baker* v. *State* (1956), 236 Ind. 55, 61, 138 N.E.2d 641, 644:

> "The rule of law defining proof beyond a reasonable doubt has been well settled for many years and requires each juror to be so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own dearest and most important interests, under circumstances where there was no compulsion or coercion upon him to act at all. *Chambers* v. *State* (1953), 232 Ind. 349, 356, 111 N.E.2d 816; *Morgan* v. *State* (1921), 190 Ind. 411, 130 N.E. 528; *Bradley* v. *State* (1870), 31 Ind. 492."

The State correctly asserts that no Indiana case has disapproved a reasonable doubt instruction because it omitted the language of appellant's instruction, but cites no case in which such an omission was at issue. However, we note that in *Williams* v. *State* (1974), 162 Ind. App. 57, (rehearing den.), 314 N.E.2d 764, 766, the court found no error in the trial court's deletion of a much differently worded standard of juror certainty because "[t]he reasonable doubt standard was covered in several other instructions." The instructions which *Williams* quotes contain no reference to degree of juror certainty but they do require the State to establish guilt beyond a reasonable doubt without defining it. We agree with the *Williams* result because we consider the deleted language to be both confusing and without validating precedent.

The State has correctly cited *Brewer* v. *State* (1969), 253 Ind. 154, 162, 252 N.E.2d 429, for the proposition that an instruction is not erroneous merely because it does not state a rule of law in a particular way. But the question here is not whether, as in *Brewer,* the instruction given is a correct statement of a rule of law, but whether it is a complete statement of the rule. More specifically whether appellant has a right to have the court's reasonable doubt instruction supplemented by his instruction which looks at the other side of the coin: the degree of certainty required to remove reasonable doubt. That an accused has such a right when he tenders a proper instruction is clearly implied in *Bradley, Baker, Vacendak,* and the many intervening opinions which have approved the *Bradley* language.

Appellant's short and unimpressive argument that the seventh paragraph of the above quoted Instruction 3P is erroneous merits no consideration because he made no objection in the trial court prior to the reading of the instruction nor in his motion to correct errors. However, since this paragraph may be repeated on retrial, we *suggest* that the trial court give consideration to substituting an instruction which conforms to § 5.4(a) of the American Bar Association Standards of Criminal Justice Relating to Trial by Jury, Approved Draft, 1968.[1] Attention

---

1. § 5.4(a) reads:
"(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:
    (i) that in order to return a verdict, each juror must agree thereto;
    (ii) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
    (iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;
    (iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and
    (v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict."

is called to the illustrative instruction[2] from 27 F.R.D. 39, 97-98 (1961) quoted in the commentary to § 5.4(a), particularly its second paragraph. By referring to this commentary we are not suggesting that paragraph seven is a so-called "Allen", or "dynamite", instruction,[3] but we do suggest that its reference to "willingness to be convinced" and "effort to arrive at a just verdict" without counterbalancing mention of each juror's duty to act upon his own judgment and not that of another[4] renders it vulnerable to some of the same criticisms "Allen" has drawn.[5]

Appellant tendered a final instruction saying: "A defense to the crime of statutory rape is that the defendant acted under a reasonable mistake as to the age of the victim." Appellant cites California authority[6] which appears to recognize such a defense, but it is not a defense in Indiana. *Heath* v. *State* (1910), 173 Ind. 296, 90 N.E. 310. The instruction was properly refused.

The judgment is reversed and the cause is remanded with instruction to grant a new trial in conformity with the views expressed herein.

2. "The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

"It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

"You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case."

3. *Allen* v. *United States* (1896), 164 U.S. 492, 41 L.Ed. 528, 17 Sup. Ct. 154; Annot. 100 A.L.R.2d 177; Annot. 41 A.L.R.3d 1154; 76 Am. Jur. 2d 54, Trial § 1060.

4. *Stillson* v. *State* (1933), 204 Ind. 379, 382, 184 N.E. 260, 261.

5. 75 Am. Jur. 2d 768, Trial § 898, Annot., 100 A.L.R.2d 177, 198, § 4.

6. *People* v. *Moseley* (1966), 240 Cal. App. 2d 859, 50 Cal. Rptr. 67; *People* v. *Thomas* (1968), 267 Cal. App. 2d 698, 73 Cal. Rptr. 590; *People* v. *Winters* (1966), 242 Cal. App. 2d 711, 51 Cal. Rptr. 735.

Reversed and remanded.

Lowdermilk, J. (participating by designation), concurs; Buchanan, P.J., dissents with opinion.

### DISSENTING OPINION

BUCHANAN, P.J.—I dissent.

There is in my opinion no Indiana case holding or implying that an instruction covering reasonable doubt *must*[1] contain a specific reference to the degree of juror certainty. Such certainty is implied by the explicit language of the instruction.

The degree of certainty that is required is that which excludes reasonable doubt of the guilt of the accused . . . no more. Preliminary Instruction 3P contains, as it should, a mix of directions to the jury concerning reasonable doubt, presumption of innocence, burden of proof, and duty to reason separately and together. Paragraphs two (2) and three (3) emphasize the presumption of innocence. Paragraphs four (4), five (5), six (6) and eight (8) emphasize reasonable doubt and what constitutes reasonable doubt. These paragraphs add up to the necessary certainty of proof of guilt beyond a reasonable doubt. Instruction 3P properly went no further.

There is no magic in the use of the word "certainty." No particular formula is required to instruct on reasonable doubt. 23A C.J.S. *Criminal Law* § 1270, at 665 (1961).

The danger of the use of the word "certainty" is that the burden of proof is subtly changed to convey the impression that guilt must be shown to an absolute certainty or beyond all doubt. *See* 23A C.J.S. *Criminal Law* § 1272, at 668 (1961).

---

1. *Sullivan* v. *State* (1876), 52 Ind. 309, 311, only holds that an instruction stating "A reasonable doubt arises when the evidence is not sufficient to satisfy the minds of the jury to a moral or reasonable certainty of the defendant's guilt" is correct, not that this particular language must be used.

No case goes that far. To do so is to radically change the burden of proof required of the State in a criminal case.

Generally it is sufficient to charge the jury that they should not convict unless they believe the accused guilty beyond a reasonable doubt. There have been cases in other jurisdictions, however, upholding instructions permitting statements of guilt to "moral certainty" or to "moral and reasonable certainty," but in such cases this phraseology has usually been interpreted as the legal equivalent of "beyond a reasonable doubt." 23A C.J.S. *Criminal Law* § 1275, at 670 (1961).

In *Williams* v. *State* (1974), 161 Ind. App. 57, 314 N.E.2d 764, (rehearing den.) (discussed in the majority opinion), both the trial court and the First District of this Court rejected "moral certainty" language. Neither *Bradley* v. *State* (1870), 31 Ind. 492, *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641, nor *Vacendak* v. *State* (1976), 264 Ind. 101, 340 N.E.2d 352 (all cited by the majority), include a statement of juror certainty; nor do I find any implication that juror certainty must be included as a part of the language of a reasonable doubt instruction. There is no such language in any of the three instructions involved in those cases.

Thus I conclude that the accepted definition of reasonable doubt does not require a statement of the degree of juror certainty; that certainty is supplied by the very nature of the language describing the presumption of innocence and what constitutes reasonable doubt. The juror's certainty of guilt beyond a reasonable doubt is implicit throughout Instruction 3P.

The language of juror certainty in defendant's tendered instruction is surplusage which fails to add to the definition of guilt beyond a reasonable doubt, and tends to subtly introduce a requirement of showing guilt to an absolute certainty or beyond all doubt. It was properly rejected.

I would affirm the conviction.

NOTE.—Reported at 355 N.E.2d 856.